UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| DAVID S. YODER | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 07-121-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| TROY WILLIAMSON, WARDEN, ET AL | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents | ) | |

**** **** ****

Petitioner David S. Yoder ("Yoder"), a prisoner currently incarcerated at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 1441 and paid the $5.00 filing fee. [Record No. 1]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As Yoder is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## I.   FACTUAL BACKGROUND

On May 29, 2003, Yoder pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking

crime in violation of 18 U.S.C. § 924(c)(1).  On October 17, 2003, Yoder was sentenced to a 123-month term of incarceration to be followed by a 4-year term of supervised release.  *United States v. Yoder*, 03-CR-126, Eastern District of Virginia [Record Nos. 23, 26, 35 therein]

On April 9, 2007, while incarcerated at the lower-level security Federal Prison Camp in Lewisburg ("FPC-Lewisburg"), Pennsylvania, Yoder was observed talking on a cell phone, and was subsequently charged with Possession of a Hazardous Tool, a Code 108 violation.  On April 23, 2007, a Disciplinary Hearing Officer ("DHO") held a hearing on the charge and found Yoder guilty of the offense.  Yoder was sanctioned with the loss of 30 days Good Conduct Time ("GCT"); 60 days in disciplinary segregation, with 30 days suspended pending 180 days of clear conduct; 180 days loss of telephone privileges; and a recommendation for transfer to a higher security facility.

In light of the conviction, Yoder's security classification was reviewed several times between May 9, 2007, and July 2, 2007, resulting in an order to transfer him to a higher security institution.  During this process, at one point Yoder was briefly classified as "Community," indicating that he warranted a transfer to a Residential Re-Entry Center ("RRC").  This designation appears to have been solely an administrative error, however, and was quickly rectified.  In July 2007, Yoder was transferred to FCI-Ashland.

On May 31, 2007, Yoder challenged the DHO's findings by filing a Form BP-230 with the BOP's North East Regional Office ("NERO").  In his BP-230, Yoder asserted that the punishment he received was excessive, that he should remain eligible to stay at the federal prison camp level, and that he never received a confiscation form for the cell phone that was taken from him.  Yoder's grievance form is devoid of any mention of his eligibility for placement in a RRC.  On June 28, 2007, NERO denied Yoder's grievance, finding that his disciplinary conviction was adequately

supported by the evidence, and that his complaints regarding his custodial classification and the confiscation form were not related to his DHO conviction, and hence not appropriate for initial review at the regional level. The respondents indicate that Yoder never filed an appeal of NERO's denial to the Central Office, a contention Yoder has not challenged.

On June 12, 2007, before NERO's denial of his grievance and while still located at FPC-Lewisburg, Yoder filed the instant petition in the Middle District of Pennsylvania  In his petition, Yoder asserts that he has been eligible for placement in a Residential Re-Entry Center ("RRC") since January 2005, and that once he became eligible for such placement, the Bureau of Prisons ("BOP") was under a mandatory duty to transfer him to such a facility, citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 245-49 (3rd Cir. 2005). Yoder contends that had he been properly placed in a RRC before the incident, the increase in his security classification would have resulted in his transfer from the RRC to FPC-Lewisburg. Yoder does not seek to invalidate the disciplinary conviction in his petition, but instead seeks an order transferring him to a RRC near his home town.

The district court ordered the respondents, the warden and camp administrator at FPC-Lewisburg, respectively, to file a response to the petition within twenty days. [Record No. 3]  On July 5, 2007, Yoder filed a change of address, noting that he had been moved to a federal facility in Atlanta, Georgia, pending his ultimate transfer to FCI-Ashland. [Record No. 4]  Respondents filed their response to the petition on July 10, 2007. [Record No. 5]

On December 26, 2007, the Court *sua sponte* entered an order transferring the petition to this Court. In doing so, the Court noted that because the only proper respondent to a habeas petition is the petitioner's custodian, it must be filed in the district court where the prisoner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Because Yoder had been transferred to a federal

3

prison in this district, the Court reasoned, the petition should be transferred to this Court.  [Record No. 6]

## II.   DISCUSSION

### A.   Venue for the Petition Remained Proper in Pennsylvania.

It is well-established that the only proper respondent to a petition for writ of habeas corpus is the petitioner's immediate custodian.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).  This is so because it is only that custodian who has the power to grant the relief requested by the writ - release of the petitioner's person.   It is perhaps this latter fact which prompted the district court in Pennsylvania to transfer Yoder's petition here, in light of his transfer to a federal prison within this district.

However, it has been well-established for at least 60 years that a petitioner's transfer subsequent to the filing of the petition does not divest the court of jurisdiction or otherwise warrant transfer.   *ex parte Mitsuye Endo*, 323 U.S. 283, 306 (1944).  The Supreme Court expressly validated this rule in *Rumsfeld*. *Rumsfeld*, 542 U.S. at 440-41 ("*Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see also Stokes v. United States Parole Com'n*, 374 F.3d 1235, 1242 (D.C. Cir.) ("if Stokes had filed his petition in the United States District Court for the Northern District of Ohio, naming the Ohio warden as the respondent, then under *Endo* that court would have retained jurisdiction over his petition notwithstanding Stokes's later transfer to the federal penitentiary in South Carolina where

he is now incarcerated."), *cert. denied*, 125 S.Ct. 448 (2004).  The Third Circuit adheres to this recognized rule.  *United States ex rel. Van Scoten v. Pennsylvania*, 404 F.2d 767 (3rd Cir. 1968) (federal district court lacks jurisdiction to issue habeas writ if person detained is not within its territorial jurisdiction *when petition for writ is filed*); *see also United States ex rel. Meadows v. New York*, 426 F.2d 1176 (2nd Cir. 1970) (transfer of petitioner after filing does not deprive jurisdiction of court); *accord Ash v. Reilly*, 354 F.Supp.2d 1 (D.D.C. 2004).  Nonetheless, in the interests of judicial economy, the Court will address Yoder's petition, as it must be denied on procedural grounds and manifestly fails to establish grounds for relief on the merits.

### B.  Yoder Failed to Exhaust his Administrative Remedies.

Federal law has long required a federal prisoner to exhaust administrative remedies before filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *Cruz v. Beto*, 405 U.S. 319 (1972).  The administrative remedy process for federal prisoners includes four steps: (1) a request for informal resolution with unit staff; (2) a formal grievance filed with the warden; (2) an appeal to the appropriate regional office; and (4) an appeal to the Central Office.  Challenges to the findings of a DHO skip the first two steps and are filed in the first instance with the regional office, with an appeal to the Central Office if relief is denied.  *See* 28 C.F.R. § 542.10 *et seq*.

As noted above, the Form BP-230 Yoder filed with NERO (1) challenged the sanctions imposed by the DHO, (2) challenged his security classification, and (3) complained of his failure to be provided with a confiscation form for the cell phone which was taken from him as contraband. NERO correctly noted that the latter two complaints were required to be grieved in the first instance through informal resolution and with the warden, and hence were correctly rejected as improperly

raised for the first time at the regional level.  NERO rejected his challenge to the DHO's sanctions on the merits, a decision Yoder never appealed to the Central Office.  In addition, Yoder filed his habeas petition before NERO ruled upon his grievance. Therefore the claims asserted in Yoder's petition were brought prematurely and were not administratively exhausted.  Accordingly, Yoder's petition must be denied for failure to exhaust administrative remedies.  *Urbina*, 270 F.3d at 295.

## C.   Yoder's Claims Fail on the Merits.

Yoder's challenge to his security classification, which resulted in his transfer from the lower security federal prison camp to the higher security federal correctional institution, simply fails to establish any ground for relief, as he lacks any protectible right to a particular security classification, *Mader v. Sanders*, 2003 WL 21259676 (6th Cir. 2003); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), or any right to be housed in a particular penal institution.  *Olim v. Wakinekona*, 461 U.S. 238, 247 (1983).  Finally, Yoder's reliance on *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 245-49 (3rd Cir. 2005) is misplaced.  *Woodall* did not hold that the BOP must place an inmate in a RRC if the factors described in 18 U.S.C. § 3621(b) suggest it; indeed, the Third Circuit expressly rejected such a contention, instead holding that the BOP was only required to make an individualized, good faith evaluation of those factors in determining the appropriateness of a RRC placement.  *Woodall*,  432 F.3d at 251.  In addition, this Court has previously rejected the *Woodall* court's approach to RRC placements under Section 3621 and 3624.  *Medcalf v. Dewalt*, 07-CV-193, Eastern District of Kentucky [Record No. 9 therein].  Yoder's petition therefore fails to state any grounds for relief.

## III.   CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     David S. Yoder's petition for a writ of habeas corpus [Record No. 1] is **DENIED.**

6

      (2)     The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

      This April 7, 2008.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**